FILED
CLERK, U.S. DISTRICT COURT
8/19/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: KMA DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

JESUS HECTOR MORALES-LANDELL,
aka "Jesus Morales-Landel,"

Defendant.

CR 2:26-cr-00537-MRA

I N D I C T M E N T

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Distribution of Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 21 U.S.C. § 853: Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about March 31, 2026, in Los Angeles County, within the Central District of California, defendant JESUS HECTOR MORALES-LANDELL, also known as "Jesus Morales-Landel," knowingly distributed at least 400 grams, that is, approximately 498.1 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

Prior to committing the offense alleged in this Count, defendant MORALES-LANDELL had been finally convicted of the following two

serious drug felonies as that term is defined and used in Title 21, United States Code, Sections 802(58), 841, and 851, for which the maximum term of imprisonment was ten years or more and for which defendant MORALES-LANDELL served a term of imprisonment of more than 12 months:

1. Importation of Methamphetamine, in violation of Title 21, United States Code, Sections 952, 960, in the United States District Court for the Southern District of California, Case Number 3:17-cr-00742-MMA, on or about April 4, 2017.

2. Importation of Heroin, in violation of Title 21, United States Code, Sections 952, 960, in the United States District Court for the Southern District of California, Case Number 3:17-cr-00742-MMA, on or about April 4, 2017.

Defendant MORALES-LANDELL was released from a term of imprisonment for both of the above offenses within 15 years of the commencement of the offense alleged in this Indictment.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about March 31, 2026, in Los Angeles County, within the Central District of California, defendant JESUS HECTOR MORALES-LANDELL, also known as "Jesus Morales-Landel," knowingly distributed at least 50 grams, that is, approximately 439.7 grams, of methamphetamine, a Schedule II controlled substance.

Prior to committing the offense alleged in this Count, defendant MORALES-LANDELL had been finally convicted of the following two serious drug felonies as that term is defined and used in Title 21, United States Code, Sections 802(58), 841, and 851, for which the maximum term of imprisonment was ten years or more and for which defendant MORALES-LANDELL served a term of imprisonment of more than 12 months:

1. Importation of Methamphetamine, in violation of Title 21, United States Code, Sections 952, 960, in the United States District Court for the Southern District of California, Case Number 3:17-cr-00742-MMA, on or about April 4, 2017.

2. Importation of Heroin, in violation of Title 21, United States Code, Sections 952, 960, in the United States District Court for the Southern District of California, Case Number 3:17-cr-00742-MMA, on or about April 4, 2017.

Defendant MORALES-LANDELL was released from a term of imprisonment for both of the above offense within 15 years of the commencement of the offense alleged in this Indictment.

FORFEITURE ALLEGATION

[21 U.S.C. 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of the defendant’s conviction of the offenses set forth in any of counts One through Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

Frances S. Lewis

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

CHRIS S. BULUT
Assistant United States Attorney
General Crimes Section